Shawtina F. Lewis (SBN 259255)
shawtina.lewis@nelsonmullins.com
NELSON MULLINS RILEY &
SCARBOROUGH LLP
19191 South Vermont Avenue, Suite 900
Torrance, CA  90502
Telephone:    424.221.7400
Facsimile:     424.221.7499

Attorneys for Defendants
*C. R. Bard, Inc. and*
*Bard Peripheral Vascular, Inc.*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANDLEAN MOSIER,<br><br>    Plaintiff,<br><br>    v.<br><br>C. R. BARD INC., and<br>BARD PERIPHERAL VASCULAR, INC.,<br><br>    Defendants. | Case No.: 2:20-cv-01767-DAD-BAM<br><br>**JOINT MOTION TO EXTEND STAY OF DISCOVERY AND ALL PRETRIAL DEADLINES & ORDER**<br><br>(Doc. No. 45.) |

Pursuant to Federal Rule of Civil Procedure 26(c) and (d), Plaintiff in the above-titled action and Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively, "Bard") (Plaintiff and Bard are collectively referred to herein as "the Parties"), respectfully request that this Court extend the temporary stay of discovery and all pretrial deadlines and continue the initial Scheduling Conference in this case until March 2, 2021 while the Parties continue settlement discussions.  In support thereof, the Parties state as follows:

1. This case was originally filed in the State Court of Dallas County, Texas, by a Texas resident serving as lead plaintiff, and joined multiple individual plaintiffs, including the instant plaintiff. The case was subsequently removed by Bard to the United States District Court for the Northern District of Texas, Dallas Division.

2. On August 31, 2020, the Court issued an Order granting the lead plaintiff's Unopposed Motion to Sever and Transfer Venue of Out-of-State Plaintiff's Cases, and the case was transferred to this District and assigned to this Court. (Doc. 26.)

3. On September 10, 2020, this Court found good cause to grant the parties' previous motion to stay all discovery pretrial deadlines in this action and continue the initial scheduling conference to December 9, 2020 at 9:00 AM in Courtroom 8 (BAM). (Docs. 40, 44.) The Parties continue to engage in serious settlement discussions in an effort to reach a global resolution of an entire inventory of cases, which consists of over 700 cases. Accordingly, the Parties jointly move this Court for an order extending the staying of all discovery and pretrial deadlines and continuing the initial Scheduling Conference in this case until March 2, 2021 to allow the Parties to continue to engage in settlement discussions. This will further facilitate settlement discussions and prevent unnecessary expenditures of the parties and judicial resources.

4. A district court has broad discretion over pretrial discovery rulings. *See, e.g.*, *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *accord Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Engineers, Inc.,* 755 F.3d 832, 837 (7th Cir. 2014); *Burns v. EGS Fin. Care, Inc.,* No. 4:15-CV-06173-DGK, 2016 WL 7535365 at *1 (W.D. Mo. Apr. 12, 2016); *see also Cook v. Kartridg Pak Co.,* 840 F.2d 602, 604 (8th Cir. 1988) ("A district

court must be free to use and control pretrial procedure in furtherance of the orderly administration of justice."); *see also CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (district courts possess "inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants").

5. Under Federal Rules of Civil Procedure 26(c) and 26(d), a court may limit the scope of discovery or control its sequence. *See Britton*, 523 U.S. at 598. Although settlement negotiations do not automatically excuse a party from its discovery obligations, the parties can seek a stay prior to the cutoff date. *See Sofo v. Pan-American Life Ins. Co.,* 13 F.3d 239, 242 (7th Cir. 1994); *Wichita Falls Office Assocs. V. Banc One Corp.,* 978 F.2d 915, 918 (5th Cir. 1993) (finding that a "trial judge's decision to curtail discovery is granted great deference," and noting that the discovery had been pushed back a number of times because of pending settlement negotiations).

6. The Parties agree that the relief sought herein is necessary to handle the case in the most economical fashion, yet allow sufficient time to schedule and complete discovery if necessary, consistent with the scheduling obligations of counsel. The relief sought in this Motion is not being requested for delay, but so that justice may be done.

**WHEREFORE**, The Parties jointly request that the stay of discovery and all pretrial deadlines be extended and that the initial Scheduling Conference be continued until March 2, 2021 to allow the Parties to conduct ongoing settlement negotiations.

[Signatures on the following page]

//
//
//
//
//
//
//
//

//

DATED: November 24, 2020          Respectfully submitted,

NELSON MULLINS RILEY & SCARBOROUGH LLP

/s/ *Shawtina F. Lewis*
Shawtina F. Lewis (SBN 259255)
19191 South Vermont Avenue, Suite 900
Torrance, CA  90502
Telephone: 424.221.7400
Facsimile: 424.221.7499
shawtina.lewis@nelsonmullins.com
Attorney for Defendants
C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.

DATED: November 24, 2020          Respectfully submitted,

FEARS NACHAWATI LAW FIRM

/s/ *Steven Schulte (as authorized on 11/24/2020)*
Steven Schulte (admitted *pro hac vice*)
5473 Blair Road
Dallas, Texas 75231
T: (214) 890-0711/F: (214) 890-0712
schulte@fnlawfirm.com

*Attorneys for Plaintiff*

3

JOINT MOTION TO EXTEND STAY OF DISCOVERY AND ALL PRETRIAL DEADLINES
& ORDER

**ORDER**

Upon consideration of the Parties' JOINT MOTION TO EXTEND STAY OF DISCOVERY AND PRETRIAL DEADLINES, and for good cause appearing, IT IS HEREBY ORDERED that the Parties' Motion is GRANTED. All discovery and all pretrial deadlines are hereby stayed and extended until the Initial Scheduling Conference. The Initial Scheduling Conference is continued to **March 2, 2021, at 9:00 AM in Courtroom 8 (BAM) before Magistrate Judge Barbara A. McAuliffe** to allow the Parties to conduct ongoing settlement negotiations. The parties shall file a Joint Scheduling Report at least one (1) full week prior to the Scheduling Conference. The parties shall appear at the Scheduling Conference with each party connecting remotely either via Zoom video conference or Zoom telephone number. The parties shall be provided with the Zoom ID and password by the Courtroom Deputy prior to the conference. The Zoom ID number and password are confidential and are not to be shared. Appropriate court attire required.

IT IS SO ORDERED.

Dated: **December 1, 2020**          /s/ *Barbara A. McAuliffe*
                                              UNITED STATES MAGISTRATE JUDGE